1  **SCOTTSDALE CITY ATTORNEY'S OFFICE**
   3939 North Drinkwater Boulevard
2  Scottsdale, Arizona  85251
   (480) 312-2405 (T)
3  (480) 312-2548 (F)
   Lori S. Davis (SBN: 027875)
4  legal@scottsdaleaz.gov

5  **Attorneys for City Defendants**

6              **IN THE UNITED STATES DISTRICT COURT**

7                     **DISTRICT OF ARIZONA**

8  Warren Prostrollo, an individual, on behalf of
   himself and the statutory beneficiaries of Jason      Case No.:
9  Prostrollo and as the personal representative of
   the Estate of Jason Prostrollo,                       **NOTICE OF REMOVAL**
10
                                                         (Maricopa County Superior Court
                     Plaintiff,                          Case No. CV2012-011345)
11 vs.

12 City of Scottsdale, a municipality organized
   under the laws of the State of Arizona; Ronald
13 Bayne, in his individual and official capacities as
   a lieutenant with the City of Scottsdale Police
14 Department; JOHN DOES I-X; and BLACK
   ENTITIES I-V,
15
                     Defendants.
16

17         Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendants City of Scottsdale and Ronald Bayne

18 (hereafter collectively referred to as "City Defendants") file this Notice of Removal and show

19 the Court the following:

20         1.     On August 2, 2012, Plaintiff Warren Prostrollo, through his counsel, Robbins &

21 Curtin, PLLC, filed a complaint in a civil action pending in the Superior Court of the State of

Arizona in and for Maricopa County ("State Court").  The complaint asserts claims against the City Defendants under the United States Constitution for a violation of his civil rights.  The civil action cites 42 U.S.C. § 1983.  The civil action also raises claims arising under Arizona State law.

2.     The civil action filed by Plaintiff in the State Court is captioned Warren Prostrollo, an individual, on behalf of himself and the statutory beneficiaries of Jason Prostrollo and as the personal representative of the Estate of Jason Prostrollo, Plaintiff, vs. City of Scottsdale, a municipality organized under the laws of the State of Arizona; Ronald Bayne, in his individual and official capacities as a lieutenant with the City of Scottsdale Police Department, John Does I-X; and Black Entities I-V, Defendants.  The State Court cause number is CV 2012-011375 and is assigned to the Honorable J. Richard Gama.

3.     The City of Scottsdale first became aware of the filed Complaint on August 6, 2012.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after receipt by the defendant, through service or otherwise, of the pleading from which it first was ascertainable that this case was removable, and therefore is timely.  To the City's knowledge, no other pleadings have been filed in the State Court.  Copies of the Summons, Complaint, and other documents which have been filed in State Court, are attached as Exhibit A.

4.     This Court has supplemental jurisdiction over any State claims pursuant to 28 U.S.C. § 1367.

5.     The City is a municipality organized under the laws of Arizona and is a person subject to suit in this lawsuit.  The City Defendants are citizens of the State of Arizona.

Plaintiff is believed to be a citizen of Arizona.  Accordingly, there is no diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6.      Pursuant to 28 U.S.C. § 1441, *et seq*., the City Defendants remove this action currently pending in the State Court to this Court, which is the District Court of the United States for the district in which the State Court action is pending.  Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331, this action may be removed to this Court by the City Defendants because this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, over Plaintiff's claims arising under the U.S. Constitution and laws of the United States.

7.      Plaintiff's claims arising exclusively under Arizona State law, if any, may also be removed to this Court in accordance with 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1446(d), the City will give written notice of filing this Notice of Removal to all parties promptly after this Notice of Removal is filed with the Court. A copy of this Notice of Removal has been filed with the Clerk of the State Court.

9.      Pursuant to Rule 81(c)(2)(A), the City requests the Court order that any party seeking a jury trial must submit a Demand for Jury Trial within a specified time frame set by the Court.

10.     I certify that a copy of this Notice of Removal to the United States District Court and for the District of Arizona was served this 27th day of August, 2012, by U.S. Mail, with adequate postage, to the following party(ies):

                  Hon. J. Richard Gama
                  Maricopa County Superior Court
                  Central Court Building
                  201 West Jefferson
                  Phoenix, AZ  85003

Joel B. Robbins
Anne E. Findling
Robbins & Curtin, PLLC
301 East Bethany Home Road, Suite B-100
Phoenix, AZ 85012
Attorneys for Plaintiff


WHEREFORE, Defendants remove this action to the District Court.

RESPECTFULLY SUBMITTED this 27th day of August, 2012.

**SCOTTSDALE CITY ATTORNEY'S OFFICE**


/s/ Lori S. Davis
Lori S. Davis, Assistant City Attorney
3939 North Drinkwater Boulevard
Scottsdale, Arizona 85251
Attorneys for City Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of August, 2012, I electronically transmitted the City's Notice of Removal to the Clerk's office using the CM/ECF System for filing, and copies mailed to:

Hon. J. Richard Gama
Maricopa County Superior Court
Central Court Building
201 West Jefferson
Phoenix, AZ  85003

Joel B. Robbins
Anne E. Findling
Robbins & Curtin, PLLC
301 East Bethany Home Road
Suite B-100
Phoenix, AZ  85012
Attorneys for Plaintiff

/s/ Elaine Goetze
An Employee of the Scottsdale City Attorney's Office

# Exhibit A



1    Joel B. Robbins, Esq. (011065)
2    Anne E. Findling, Esq. (010871)
     **ROBBINS & CURTIN, p.l.l.c.**
3    301 East Bethany Home Road, Suite B-100
     Phoenix, Arizona  85012
4    Tel: 602/285-0100
     Fax: 602/265-0267
5    joel@robbinsandcurtin.com
6    anne@robbinsandcurtin.com
7    *Attorneys for Plaintiff*

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9               **IN AND FOR THE COUNTY OF MARICOPA**

10
     **WARREN PROSTROLLO,** an individual,          No. CV2012-011345
11   on behalf of himself and the statutory
     beneficiaries of Jason Prostrollo and as the
12   personal representative of the **Estate of
     Jason Prostrollo,**                                    **SUMMONS**
13
14                         Plaintiff,
15         vs.
16
     **CITY OF SCOTTSDALE,** a municipality
17   organized under the laws of the State of
     Arizona;
18   **RONALD BAYNE,** in his individual and
     official capacities as a lieutenant with the
19   City of Scottsdale Police Department;
     **JOHN DOES I-X;** and
20   **BLACK ENTITIES I-V,**
21
22                         Defendants.
23
24   THE STATE OF ARIZONA TO THE DEFENDANT:

25        ==Ronald Bayne==

26        YOU ARE HEREBY SUMMONED and required to appear and defend,
27   within the time applicable, in this action in this Court.  If served within
     Arizona, you shall appear and defend within 20 days after the service of the
28   Summons and Complaint upon you, exclusive of the day of service.  If served

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  **RULE 4, Arizona Rules of Civil Procedure, ARS Sections 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.  If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434.  If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S.  Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

The name and address of plaintiff's attorney is:

Joel B. Robbins, Esq.
**Robbins & Curtin, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012

SIGNED AND SEALED this date: _____



AUG 0 2 2012

By: _____ MICHAEL K. JEANES, CLERK
**Deputy Clerk** A. FABIAN
DEPUTY CLERK

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

Page 3 of 3

OFFICE OF THE
CITY CLERK

2012 AUG -7 PM 2: 11

1  Joel B. Robbins, Esq. (011065)
2  Anne E. Findling, Esq. (010871)
   **ROBBINS & CURTIN, p.l.l.c.**
3  301 East Bethany Home Road, Suite B-100
   Phoenix, Arizona  85012
4  Tel: 602/285-0100
5  Fax: 602/265-0267
   joel@robbinsandcurtin.com
6  anne@robbinsandcurtin.com
7  *Attorneys for Plaintiff*

8              **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                **IN AND FOR THE COUNTY OF MARICOPA**

10
   **WARREN PROSTROLLO,** an individual,
11  on behalf of himself and the statutory          No. **CV2012-011345**
   beneficiaries of Jason Prostrollo and as the
12  personal representative of the **Estate of**
   **Jason Prostrollo,**                                    **SUMMONS**
13
14                          Plaintiff,
15
   vs.                                          If you would like legal advice from a lawyer,
16                                                contact the Lawyer Referral Service at
   **CITY OF SCOTTSDALE,** a municipality                 602-257-4434
17  organized under the laws of the State of                    or
   Arizona;                                          www.maricopalawyers.org
18  **RONALD BAYNE,** in his individual and             Sponsored by the
19  official capacities as a lieutenant with the    Maricopa County Bar Association
   City of Scottsdale Police Department;
20  **JOHN DOES I-X;** and
   **BLACK ENTITIES I-V,**
21
22                          Defendants.
23

24  THE STATE OF ARIZONA TO THE DEFENDANT:

25                      **City of Scottsdale**
26
27       YOU ARE HEREBY SUMMONED and required to appear and defend,
   within the time applicable, in this action in this Court.  If served within
28  Arizona, you shall appear and defend within 20 days after the service of the
   Summons and Complaint upon you, exclusive of the day of service.  If served

*(left margin vertical text)* **ROBBINS & CURTIN, P.L.L.C.**  301 East Bethany Home Road, Suite B-100  Phoenix, Arizona 85012  Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

out of the State of Arizona--whether by direct service, by registered or certified mail, or by publication--you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  **RULE 4, Arizona Rules of Civil Procedure, ARS Sections 20-222, 28-502, 28-503.**

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.  If you do not have an attorney and are a resident of Maricopa County, you may call the Lawyer Referral Service at 257-4434.  If you are not a resident of Maricopa County, you may call the Bar Association in your area.

YOU ARE HEREBY NOTIFIED that requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by parties at least three (3) judicial days in advance of a scheduled court proceeding.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the plaintiff's attorney. **RULE 10(d), Arizona Rules of Civil Procedure, A.R.S.  Section 12-311; RULE 5, Arizona Rules of Civil Procedure.**

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

Page 2 of 3

The name and address of plaintiff's attorney is:

Joel B. Robbins, Esq.
**Robbins & Curtin, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012

SIGNED AND SEALED this date: _____



AUG 0 2 2012

By: _____   MICHAEL K. JEANES, CLERK
**Deputy Clerk**   A. FABIAN
DEPUTY CLERK

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707  ◆  Fax:  (602) 265-0267

Page 3 of 3

**Superior Court of Arizona**
**In Maricopa County**

Case Number _____CV2012-011345_____

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

**Plaintiff's Attorney:**
Joel B. Robbins

**Attorney's Bar Number:** 011065

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language: _____

AUG 0 2 2012

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature** (If no attorney, YOUR signature)

**Plaintiff's Name(s):** (List all)
Warren Prostrollo

**Plaintiff's Address:**
301 E. Bethany Home Road, Suite B100

Phoenix, Arizona 85012

(List additional plaintiffs on page two and/or attach a separate sheet).

**Defendant's Name(s):** (List all.)
City of Scottsdale; Ronald Bayne; John Does I-X; Black Entities I-V

(List additional defendants on page two and/or attach a separate sheet).

EMERGENCY ORDER SOUGHT:     ☐ Temporary Restraining Order     ☐ Provisional Remedy
(if applicable)                              ☐ OSC – Order to Show Cause         ☐ Election Challenge
                                            ☐ Employer Sanction                ☐ Other _____

☐ RULE 8(i) COMPLEX LITIGATION DOES NOT APPLY.  (Mark appropriate box under **Nature of Action**).

☐ RULE 8(i) COMPLEX LITIGATION APPLIES   Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties. (Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category).

## NATURE OF ACTION
(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death
**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D. ☐ 123 Hospital
☐ 122 Physician D.O ☐ 124 Other
**130 CONTRACTS:**
☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds - Sale
☐ Construction Defects (Residential/Commercial)
   ☐ 136 Six to Nineteen Structures
   ☐ 137 Twenty or More Structures

Case No. _____

**150-199  OTHER CIVIL CASE TYPES:**
- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 Employer Sanction Action (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights **(Not General Stream  Adjudication)**
- ☐ 187 Real Property
- ☐ Sexually Violent Persons (A.R.S. §36-3704)
     (Except Maricopa County)
- ☐ Minor Abortion (See Juvenile in Maricopa County)
- ☐ Special Action Against Lower Courts
     (See lower court appeal cover sheet in Maricopa)
- ☐ Immigration Enforcement Challenge (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL CASE TYPES:**
- ☐ Administrative Review
     (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
(All other tax matters must be filed in the AZ Tax Court)

- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute - Other
- ☐ 159 Restoration of Civil Rights (Federal)
- ☐ 159 Clearance of Records (A.R.S. §13-4051)
- ☐ 190 Declaration of Factual Innocence**(A.R.S.§12-771)**
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain–Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute - Discrimination
- ☐ 185 Employment Dispute - Other
- ■ 163 Other
Wrongful Death _____
               (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

Joel B. Robbins, Esq. (011065)
Anne E. Findling, Esq. (010871)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Tel: 602/285-0100
Fax: 602/265-0267
joel@robbinsandcurtin.com
anne@robbinsandcurtin.com
*Attorneys for Plaintiff*





AUG 0 2 2012

MICHAEL K. JEANES, CLERK
A. FABIAN
DEPUTY CLERK

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **WARREN PROSTROLLO,** an individual, on behalf of himself and the statutory beneficiaries of Jason Prostrollo and as the personal representative of the **Estate of Jason Prostrollo,**<br><br>Plaintiff,<br><br>vs.<br><br>**CITY OF SCOTTSDALE**, a municipality organized under the laws of the State of Arizona;<br>**RONALD BAYNE,** in his individual and official capacities as a lieutenant with the City of Scottsdale Police Department;<br>**JOHN DOES I-X;** and<br>**BLACK ENTITIES I-V,**<br><br>Defendants. | No. CV2012-011345<br><br>**COMPLAINT**<br><br>(Wrongful Death; Civil Rights) |

Plaintiff, through counsel, submits his Complaint against Defendants, as follows:

## PARTIES

1.      Jason Prostrollo was, at the time of his death, a 25-year old male, who passed away on January 28, 2012.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

2.      Warren Prostrollo is Jason's father.  He is also the personal representative of the Estate of Jason Prostrollo.  He is named in this matter on his own behalf, on behalf of the statutory beneficiaries of Jason Prostrollo and the Estate of Jason Prostrollo.

3.      Defendant City of Scottsdale is a municipality organized under the laws of the State of Arizona.   Its subdivisions or agencies include the Scottsdale Police Department.

4.      Defendant City of Scottsdale is responsible for the conduct of its employees and agents, including its police officers, under the doctrine of *respondeat superior*.

5.      Upon information and belief, Defendant Ronald Bayne is an individual who resides in the County of Maricopa, State of Arizona.  At the time of the incidents at issue in this matter, Defendant Ronald Bayne was employed by Defendant City of Scottsdale as a lieutenant with the Scottsdale Police Department.  All of the actions, omissions, or other conduct of Defendant Ronald Bayne as described in this Complaint were undertaken within the scope and course of Defendant Ronald Bayne's employment with Defendant City of Scottsdale.

6.      For purposes of Plaintiff's claims pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983"), Ronald Bayne is named herein in both his individual and official capacities.  Ronald Bayne is a state actor for purposes of section 1983.

7.      Defendants John and Jane Does I-X, on information and belief, are married and residing in Maricopa County, Arizona, and at all times relevant hereto were acting in furtherance of their marital communities. Said Defendants have, upon information and belief, helped to cause the incidents alleged herein. The true names of John and Jane Does I-X are not known but will be provided to this Court as they are learned.

8.      Defendants Black Entities I-V, on information and belief, are entities which operate in and have substantial ties to Maricopa County, State of Arizona.   Said Defendants have, upon information and belief, helped to cause the incident or accident alleged herein.  The true names of Black Entities I-V are not known but will be provided to this Court as they are learned.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

**JURISDICTION AND VENUE**

9.    The amount in controversy exceeds the jurisdictional threshold of this Court.

10.    A timely notice of claim pursuant to A.R.S. § 12-821.01 was served upon Defendants City of Scottsdale and Bayne on April 30 and May 1, 2012.  More than sixty (60) days have passed since this Notice of Claim was served upon the Defendants herein.

11.    On or about January 28, 2012, Defendants caused an event or events to occur in Maricopa County upon which this action is based. As such, venue is proper in the Superior Court in and for Maricopa County.

**FACTUAL BACKGROUND**

12.    Jason Prostrollo was born on ████████████. At the time of the incident at issue, Prostrollo was approximately 5'11" tall, weighing 165 pounds, having a slight or thin build.

13.    He had a very close relationship with his parents and family.

14.    Following his graduation from Brophy College Preparatory High School, Prostrollo enlisted with the United States Marines.  He completed two tours of duty in Iraq, and was a decorated Recon Marine.  He received an honorable discharge from the Marines in 2010, having achieved the rank of Sergeant, and returned to his home in Scottsdale. There, he matriculated at Scottsdale Community College.

15.    In the early morning hours of January 28, 2012, Scottsdale Police Department received a telephone call from a resident at ████████████, indicating that her boyfriend was arguing with a man with a knife, later identified as Jason Prostrollo.

16.    Several Scottsdale police units were dispatched to the scene.  There, officers met up with one of residents of the home, learning that her boyfriend and Prostrollo were still inside the home.  She also advised that they had met Prostrollo at a local bar, and had returned to the home to play pool.

17.    Shortly thereafter, the boyfriend exited the home, leaving Prostrollo in the home alone.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

18.     The boyfriend advised the officers that there "was no knife," but that Prostrollo was "animated and out of control."

19.     Prostrollo was in the home alone, did not have a knife or gun, and posed no immediate threat to any other person.

20.     Sergeant Moore sent an officer to the rear of the home, armed with a rifle. Moore and Officer Goodson positioned themselves in the front of the home, also armed with rifles.

21.     A rifle limits an officer's options with respect to the use of force.  An officer armed with a rifle cannot sheath the rifle in a holster, and cannot drop the weapon. Accordingly, an officer armed with a rifle cannot use other, non-lethal force, such as a Taser or chemical-spray canisters.

22.     A canine officer, Officer Sanborn (with his dog) was also positioned at the front of the home.

23.     When a canine officer is present at a scene, he (or she) will generally be given control of giving commands to the subject, as the dog will react to his handler as well as the reactions of the subject.

24.     Lieutenant Bayne was also at the scene.   He positioned himself behind Moore, Goodson, and Sanborn.

25.     Shortly after the officers had set their positions, Prostrollo came out of the house.

26.     He was wearing a tank top style shirt, jeans, and hiking-style boots.  He was holding two halves of a pool cue in each hand.

27.     According to the police, he had a distant, "thousand yard" look about his eyes.  This "look" is consistent with mental impairment (either as a result or mental illness, use of alcohol or drugs, or both).

28.     He walked with a sway and stagger, again, consistent with impairment.

29.     Lieutenant Bayne was on his telephone at the time Prostrollo exited the house.

30.   Bayne hung up and advised Sanborn, the canine officer, to provide commands.   In short, Sanborn and the other officers were aware that, should voice commands fail, the next intended use of force was that of the canine.

31.   Sanborn ordered Prostrollo to stop.  Sanborn further advised Prostrollo that if he did not stop, he (Sanborn) would release the dog.

32.   Prostrollo did not stop walking slowly forward in his unsteady gait.  He was walking towards Sanborn and two officers armed with rifles who were behind a mailbox structure which provided cover.

33.   Sanborn eventually released his dog.

34.   As the dog was engaging Prostrollo, Lieutenant Bayne opened fire.

35.   At least one of Bayne's shots struck the police canine.

36.   Two shots struck Prostrollo.   Prostrollo died as a result of this gunshot wound.

37.   Following the shooting, the officers handcuffed Prostrollo, and requested aid from the Scottsdale Fire Department.

38.   A subsequent autopsy of Prostrollo revealed that he had a blood alcohol content in excess of 0.40.   In addition, information suggests that Prostrollo was dealing with emotional and mental issues within the time frame of the event at issue, possibly stemming in whole or in part from his time in active duty in Iraq.

<u>**CLAIMS FOR RELIEF**</u>

**Count One**

**Wrongful Death**

39.   The foregoing paragraphs are incorporated as though each were set forth herein at length.

40.   Defendant Bayne's conduct was negligent and/or grossly negligent.   In addition, he committed an assault and battery upon the Decedent, Jason Prostrollo

**ROBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

41.    Defendant Bayne's conduct further violated the due process clause of the Arizona Constitution, Article 2, section 4, and the Constitution's right of privacy, Article 2, section 8.

42.    Defendant City of Scottsdale is vicariously liable for the wrongful conduct of Defendant Bayne under the doctrine of *respondeat superior*.

43.    Defendant City of Scottsdale also breached its duty of care in its training and supervision of its officers, including but not limited to Lieutenant Bayne and Sergeant Moore.

44.    As a direct result of the wrongful conduct alleged herein, whether personal or vicarious, Jason Prostrollo, died.

45.    Pursuant to A.R.S. § 12-611, *et seq.*, the surviving parent of Jason Prostrollo and/or the personal representative of the estate of Jason Prostrollo, is entitled to maintain an action for wrongful death against Defendants in this matter for losses and injuries stemming from the loss of his son.

WHEREFORE, Plaintiffs pray for judgment as follows:

A.    For special damages, including but not limited to medical fees and expenses, and funeral and burial expenses, incurred on behalf of Jason Prostrollo;

B.    For other general damages, including but not limited to loss of consortium, pain and suffering, loss of enjoyment of life and wrongful death;

C.    For taxable costs and pre- and post-judgment interest to the extent permitted by law; and

D.    Such other relief as the Court deems just and proper.

## Count Two

### 42 U.S.C. § 1983

46.    The foregoing paragraphs are incorporated as though each were set forth herein at length.

47.    The conduct of Defendant Bayne as described herein constituted an unreasonable seizure of Jason Prostrollo, in violation of Prostrollo's rights under the

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax: (602) 265-0267

1   Fourth Amendment to the United States Constitution.   Defendant's conduct further

2   violated the substantive and procedural due process rights under the Fourteenth

3   Amendment to the United States Constitution of Jason Prostrollo and Warren Prostrollo.

4        48.     Defendant City of Scottsdale is further responsible for its own

5   unconstitutional policies and practices, including but not limited to the following:

6           a.     Its policy or practice (or failure to train or supervise) with

7                  respect to the use of rifles in the barricade situation -- where

8                  there were no hostages and the suspect was not known to be

9                  armed with any type of gun – thereby limiting the officers'

10                 ability to use any force less than lethal;

11          b.     Its policy or practice (or failure to train or supervise) with

12                 respect to the command structure in barricade situations, such

13                 that lethal force was used while nonlethal methods of force

14                 were in the process of being attempted; and

15          c.     Its policy or practice (or failure to train or supervise) with

16                 respect to encounters with mentally ill or impaired individuals.

17       49.     As a direct and proximate result of Defendants' breach of Plaintiffs'

18   constitutional rights as described herein, Jason Prostrollo, was killed.   Both Jason

19   Prostrollo, through his estate, and the statutory beneficiaries and family of Jason

20   Prostrollo, have sustained economic and psychological injuries and loss.

21       WHEREFORE, Plaintiffs pray for judgment as follows:

22       A.     For special damages, including but not limited to medical fees and expenses,

23   and funeral and burial expenses, incurred on behalf of Jason Prostrollo;

24       B.     For other general damages, including but not limited to loss of consortium,

25   pain and suffering, loss of enjoyment of life, and wrongful death;

26       C.     For taxable costs and pre- and post-judgment interest to the extent permitted

27   by law;

28       D.     For exemplary damages to the extent permitted by law;

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

E.   For attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

F.   Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:  August ⎯, 2012.

ROBBINS & CURTIN, p.l.l.c.

By: _____

Joel B. Robbins

*Attorney for Plaintiff*



COPY

AUG 0 2 2012

MICHAEL K. JEANES, CLERK
A. FABIAN
DEPUTY CLERK

1   Joel B. Robbins, Esq. (011065)
2   Anne E. Findling, Esq. (010871)
    **ROBBINS & CURTIN, p.l.l.c.**
3   301 East Bethany Home Road, Suite B-100
    Phoenix, Arizona  85012
4   Tel: 602/285-0100
5   Fax: 602/265-0267
    joel@robbinsandcurtin.com
6   anne@robbinsandcurtin.com
7   *Attorneys for Plaintiff*

8   **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9   **IN AND FOR THE COUNTY OF MARICOPA**

10
11  WARREN PROSTROLLO, an individual,
    on behalf of himself and the statutory
12  beneficiaries of Jason Prostrollo and as the
    personal representative of the **Estate of**
13  **Jason Prostrollo,**
14                      Plaintiff,
15          vs.
16
17  **CITY OF SCOTTSDALE**, a municipality
    organized under the laws of the State of
18  Arizona;
    **RONALD BAYNE,** in his individual and
19  official capacities as a lieutenant with the
    City of Scottsdale Police Department;
20  **JOHN DOES I-X;** and
21  **BLACK ENTITIES I-V,**
22                      Defendants.
23

CV2012-011345

No. _____

**DEMAND FOR JURY TRIAL**

24      Plaintiff respectfully requests a trial by jury on all issues in this matter

25  triable to a jury.

26
27
28

*Left margin vertical text:* **ROBBINS & CURTIN, P.L.L.C.** 301 East Bethany Home Road, Suite B-100 Phoenix, Arizona 85012 Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

1     RESPECTFULLY SUBMITTED:  August ____, 2012.

2                       ROBBINS & CURTIN, p.l.l.c.

4     By: _____

5                   Joel B. Robbins
                    *Attorney for Plaintiff*

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267





1  Joel B. Robbins, Esq. (011065)
2  Anne E. Findling, Esq. (010871)
   **ROBBINS & CURTIN, p.l.l.c.**
3  301 East Bethany Home Road, Suite B-100
   Phoenix, Arizona  85012
4  Tel: 602/285-0100
   Fax: 602/265-0267
5  joel@robbinsandcurtin.com
6  anne@robbinsandcurtin.com
   *Attorneys for Plaintiff*
7

8            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                 **IN AND FOR THE COUNTY OF MARICOPA**

10
   **WARREN PROSTROLLO,** an individual,
11 on behalf of himself and the statutory
   beneficiaries of Jason Prostrollo and as the
12 personal representative of the **Estate of**
   **Jason Prostrollo,**
13

14                         Plaintiff,

15      vs.

16
   **CITY OF SCOTTSDALE,** a municipality
17 organized under the laws of the State of
   Arizona;
18 **RONALD BAYNE,** in his individual and
   official capacities as a lieutenant with the
19 City of Scottsdale Police Department;
   **JOHN DOES I-X;** and
20 **BLACK ENTITIES I-V,**
21

22                         Defendants.
23

No. CV2012-011345

**CERTIFICATE REGARDING COMPULSORY ARBITRATION**

24        The  undersigned  certifies  that  the  largest  award  sought  by  the

25 complainant,  including  punitive  damages,  but  excluding  interest,  attorney's

26 fees,  and  costs  does  exceed  the  $50,000.00  limits  set  by  Local  Rule  for

27 compulsory  arbitration.   This  case  is  **NOT**  subject  to  the  Uniform  Rules  of

28 Procedure for Arbitration.

Page 1 of 2

**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

1    RESPECTFULLY SUBMITTED:  August __|__, 2012.

2                               ROBBINS & CURTIN, p.l.l.c.

3

4                               By: _____

5                                    Joel B. Robbins
                                     *Attorney for Plaintiff*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267